**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **D. K.,**<br>***grandparent and next friend of minor J.K.,***<br><br>**Plaintiff,**<br><br>**v.**<br><br>**USD 250, PITTSBURG COMMUNITY SCHOOLS, SEK INTERLOCAL #637, DIANE JACKSON, GREG KUBLER, and CHRIS RATZLAFF,**<br><br>**Defendants.** | ) | **Case No. 26-2118-JMK-GEB** |

**MEMORANDUM AND ORDER**

The adult plaintiff in this action filed the Complaint under the pseudonym "D. K." asserting claims as grandparent and next friend of his minor grandchild, identified as "J. K." against Unified School District No. 250 Pittsburg Community Schools, SEK Interlocal #637, Diane Jackson, Greg Kubler, and Chris Ratzlaff.[1] Plaintiff filed his Motion for Leave to Use Pseudonyms (ECF No. 3) ("Motion"). After all Defendants have been served or voluntarily dismissed, no response in opposition has been filed and the Motion is uncontested. For the reasons set forth below, Plaintiff's Motion **(ECF No. 3)** is **GRANTED**.

[1] Katie Allison Wingert was also sued but was voluntarily dismissed without ever filing a responsive pleading. See Amended Notice of Voluntary Dismissal without Prejudice, ECF No. 29.

## I. Plaintiff's Motion to Use Pseudonyms

Plaintiff D. K. seeks leave to use pseudonyms in this action. He alleges the case concerns highly sensitive information that of his minor grandchild, J. K. suffered disability discrimination and harassment while a minor student in USD 250. He alleges disclosure of his name would have the impact of revealing J. K.

### A. Legal Standard

Fed. R. Civ. P. 5.2(a)(3) permits the identification of minor parties by their initials, but does not provide the same for an adult party. An adult party must request to proceed by the use of a pseudonym. "Because the federal rules of civil procedure do not 'contemplate the anonymity of parties,'[4] proceeding by use of a pseudonym in federal court is 'an unusual procedure.'"[2] Even so, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously.[3] The Tenth Circuit has identified three exceptional circumstances in which Plaintiffs may party may proceed anonymously: 1) matters of a highly sensitive and personal nature, 2) real danger of physical harm, or 3) where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.[4]

Whether a party may proceed anonymously is within the sound discretion of the Court.[5] In exercising that discretion, "it is proper to weigh the public interest in determining

---

[2] *M. T. v. Olathe Pub. Sch. USD 233*, No. 17-2710-JAR, 2018 WL 806210, at *2 (D. Kan. Feb. 9, 2018) (internal citations omitted).
[3] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).
[4] *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).
[5] *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998).

whether some form of anonymity is warranted."[6] The public has an "important interest in access to legal proceedings."[7] The public's interest must be weighed against the party's "rights to privacy."[8] "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness."[9]

**B. Discussion**

Plaintiff identifies the highly sensitive and personal nature of the underlying facts upon which this action is based and allege if his identity is revealed it would necessarily identify J. K. The Court believes the associated danger to J. K. outweighs the general public interest in open litigation.

First, the Court finds if the identity of D. K.. is publicly revealed, the identity of J. K. is easily determined. Due to the "inseparable relationship" between J. K. and his grandparent and guardian, "[o]rdering disclosure of the parent's identit[y] would place—in effect—personally identifiable and confidential information about the alleged [behavior as an autistic, largely non-verbal minor] [ ] in the public record.[10]

Second, this case presents a highly sensitive personal issue. The underlying facts relate to J. K.'s behavior and alleged treatment for same. As indicated above, J. K. was a minor and continues to be a minor through the date of Plaintiffs' Motion. "Courts grant

---

[6] *Femedeer*, 227 F.3d at 1246 (citing *Zavaras*, 139 F.3d at 802-03 (10th Cir. 1998)).
[7] *Id.* at 1246.
[8] *Zavaras*, 139 F.3d at 802 (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).
[9] *Raiser v. Brigham Young University,* 127 Fed.Appx. 409, 411 (10th Cir. 2005) (citing *Zavaras,* 139 F.3d at 803 (10th Cir. 1998)).
[10] *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018).

heightened protection to child victims and have concluded that complaints involving minors are matters of a highly sensitive and personal nature."[11]

Third, there is the potential of danger to J. K. if their identity becomes publicly known. There is a risk that public disclosure of J. K.'s identity might cause mental harm. "Although embarrassment is not enough to overcome the public interest in litigation, the real potential of additional psychological harm…is enough to outweigh the public interest in disclosure."[12]

Fourth, the Court also finds Defendants will not be prejudiced in the defense of this case if Plaintiff proceeds by pseudonym. J. K. was a student in USD 250. The identities of J. K. and D. K. as grandparent and guardian are known to Defendants.[13] Finding the identification of D. K. readily identifies the minor child, J. K.; this case involves allegations of highly sensitive and personal nature about a minor; the identification of J. K. likely results in additional harm; and proceeding anonymously does not prejudice Defendant, in the Court's discretion, it will allow Plaintiff to proceed by pseudonym.

For the reasons set forth above, **IT IS THEREFORE ORDERED** Plaintiff's Motion to Use Pseudonyms **(ECF No. 3)** is **GRANTED**.

---

[11] *Id.*
[12] *Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *3.
[13] *See Doe v. Smith Ctr. Sch. Dist.*, No. 16-2801-JWL, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017) (finding "defendants would not be prejudiced by Doe continuing to proceed under her pseudonym in this matter because they already know her identity.").

**IT IS SO ORDERED**.

Dated this 17th day of November, 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U. S. Magistrate Judge